25-1634 Eastern Missouri CNS International Ministries v. Jessica Bax Mr. Bells May it please the Court, my name is Timothy Bells and I represent the plaintiff, which is also the appellant, in this case CNS International Ministries, Inc. This case is foremost about freedom of expressive association under the First Amendment. This Court has already held in 2005 and back in 2003 that the Heartland community, which is the same group that is at issue here, is an expressive association under the First Amendment. That was Judge Weber's opinion and that was specifically approved and affirmed in 2005 in this Court's decision. Lest there be any question about that, what Judge Weber and this Court found was that Heartland is an educational, social, religious, cultural, even economic organization, which gives it expressive association rights under the First Amendment, which leads directly to strict scrutiny, which it is almost impossible for the State to win, according to the Supreme Court. You're just breezing past the issues? I don't mean to be breezing past the issues, Your Honor. Well, you've got multiple ministries. It doesn't make every employee a minister, therefore entitled to be free from the other legal restrictions. Well, expressive association isn't dependent on ministerial status. Expressive association includes janitors. It includes all kinds of employees. I'm not talking here about the ministerial exception. I'm not even talking right now about church autonomy, which is broader than the ministerial exception. We're supposed to be talking about the RCFNA. We're talking about the RCFNA. That is correct. Section 210.1253.6, which defines it. Defines the LERCF? It defines, yeah, it defines RCF. It defines an LERCF, 1253. Which includes a place, facility, or home that provides such children with supervision, care, lodging, and maintenance for 24 hours a day. Other than out transfer of custody. That actually is not what the statute 210.493 provides. 210.493 provides that, and this is the argument that we had with Judge Autry, that the way we read... That's the background check statute. Yes. But it's subject to the definition of RFC, RCF.  The background check is. What do you mean? So we can ignore this key definition because it's in the wrong statute, even though there's cross-references all over the place. Well, I don't know where... I don't know that I have 210.1253 in front of me. Obviously, I have a lot of things. Then you don't have the section that's key to this issue. The word that. What? It's the statute that has the word that. Okay. Which was the...  As opposed to the word who. Pardon? As opposed to the word who. Yeah. Yes. It's the thing... Here's what 1253.6 says. I'm reading from page 8 of our brief. It is any place, facility, or home operated by any person who receives children who are not related to the operator, etc. So our... Wait. Finish. That's the first of the three elements in 1253.6. So you just take the word operated and say, oh, well, the whole statute turns on the operator, and therefore everything that Hardland operates is an RCF. And that ignores and that provides such children. Well... And therefore, the district court said, this is focused on place and facility, not on operator. Seems to me that couldn't be better statutory construction. Let me say that 210-493... Well, of course. I can't find it because it's past something. But 210-493 has this language also about operated by any person. And we don't like that. It's not like we don't welcome Judge Autry's definition of the footprint, if you would, of the LERCF. We actually do welcome the result. We just don't think it's clear from the statute. No, no. That reading excludes the adult care facilities and the school and probably the church. Because it focused and it makes the only ministry, if you will, of Hardland that's an RCF is the HCFC. The youth homes? The one we were talking about. Where the youth... The two houses that have the boys and girls.  And that is the result that we would like. We were just afraid, Your Honor, that this statute was not clear in making that case. So... Then I don't understand the issue. Well, there's a lot of other issues that we need to talk about. You said the one that drives the train is this one. Is... The free association claim, which turns on... The LERCF is part of the Heartland Association, which is formed for expressive purposes. That is correct. You could even say that the LERCF is an expressive association. It certainly fits... I have trouble with the acronyms in this case. When you say LERCF, is that the Heartland Children and Youth Home or is it more? Well... Or is it everything you contend? We want it to just be the youth home. Don't get me wrong. We just thought that the way to get there was different than the way Judge Autry did. So we do want the footprint to be limited to the youth homes. Then what's the issue on appeal? Well, the issue on appeal is what comes next? Who gets to work at the LERCF? And on what basis can the state of Missouri come in and tell people that they can't work at the LERCF? I have a question. Based on the concessions the state has made here, are those two employees back at work at the school? They are working at the school. Okay. And with the full knowledge of the Department of Social Services and of the AG's office. That is correct. So the initial ineligibility decision has been rectified. Well, only in the sense that there's been a voluntary cessation on the part of... But they aren't going to declare ineligible another school person. The problem is, Your Honor... Or an adult cares person. A problem is that the final determination from the Department of Social Services was as follows. I'm getting from the appendix... The final determination went in the litigation or before the litigation? This was outside the litigation. And... You know, things change. They have changed. Yeah. But some things haven't changed. What relief do you want? Well, it's spelled out that we want relief for the employees of the LERCF. Whatever that's defined as. No. The district court has defined it. Okay. I understand where you're coming from. I'm not... We want the LERCF to be that size also. You're telling me, Your Honor, at the appellate level, it's not a case of controversy. No, I'm not. You just want a friendly advisory. I'm not saying that. The footprint... That's what I'm hearing. ...of the organization is the only thing that I know of that we agree with. The footprint... It's not there, but it's the only thing that we agree with is that the footprint is the youth home. The youth home for girls and the youth home for boys. You just don't like the district court's opinion. Well, no. I'm sorry, but this is... There are some substantive things that we... What? Many substantive things that we've talked about.  All right. As I stand before you today, I am probably in violation and exposing myself to a Class B misdemeanor. You don't get an advisory opinion on that? Because... That's an as-applied challenge. This is a facial test. No, it's not, Your Honor. This is not a facial challenge. I don't know where that idea came from. It came from... It's obvious to me. Well, I never used the word facial. I've... I'm sorry, but... You wouldn't want to because that's declaring yourself a loser. You're going to lose. No. Well, I have been doing this work for 30 years, and I know that as-applied challenges work a little easier than facial challenges do. So... So how do we have... How is there... How is there a ripe as-applied challenge here? Well, as-applied challenges... For instance, right... What's ripe? What's ripe? What have you... What has been done that... Okay. That's wrong. Apart from... If you look at the appendix, page 322, it says that the defendant admits that these two employees at the school were notified to not be employed at or present at CNS International Ministries. We took exception... Now, they're not plaintiffs. So if they get damages for this ineligible period, that's not part of... That's not your case. No, they aren't suing for damages. No. They're suing to get their name taken off. It's water over the dam for equitable terms. There's no equitable relief. A declaratory judgment you don't get unless there's a case or controversy. Well, there is a case or controversy here. Not on what you just read. They... It's been rectified. They said that they couldn't work anywhere on the campus. They've been rectified. They aren't parties, right? I'm sorry. They're not parties. They're not parties, but we... And they're working there now. But they are members in our expressive association. So what? And we have standing. We have standing to complain about what happens to them. You don't have standing for the as-applied challenge of an individual member. We have an as-applied challenge that we are asserting in our own right. And we are also entitled to do it under the associational standing rules of Washington. So you want just a declaratory relief at this point? I'm sorry? You just want declaratory relief? Yes or no? Declaratory relief would be fine. We would like an injunction, too. That's what we've asked for. To obey the law? No. Well, we hope that that would be the case. But I know that that's not enough. That's an invalid Rule 65 that won't let you have that. I know that's not enough. So we have some specifics. And that is that they should... The Department of Senior Services should take their names off of the list and tell them that they are eligible to work at the school. What happened in the state litigation? I'm sorry? What happened before the state and the appeal? What happened there was that the Department of Social Services... The operating operator and the janitor have complaints, right? Yes. The Department of Social Services sent them a letter saying you are ineligible to work at the entire organization, including the school where they were working. They said you're ineligible. They appealed that to Cole County Circuit Court, which is what you do in Missouri.  And that appeal has been pending for three years now. Well, that's why I was wondering, where is that? It's just pending, waiting for this court to rule, really. So what's the last pleading? Why is it pending? Because... What has either party told the court makes that case dependent on this? I think that the Cole County Circuit Court and the AG's office and I have agreed on this. The Cole County Circuit Court is anxious to see where this case ends up. Well, what was the position of the state in those proceedings? The state has admitted that, as it's shown on page 322, the state has admitted that they were told that they couldn't work at CNS-IMI, which includes the school. And I, you know, I can't talk about efforts to settle, but... Have they told the court that they now are eligible? I'm sorry? I didn't hear. You just said they told the court what's obvious, the decision that they'd made. They didn't, what else, what was their position in the litigation? The position of the two employees? No, of the state. Was that they could not be employed at CNS-IMI. Now, the... Even though, at where? At the ministry as a whole. What about what their jobs were? And so they were told that they couldn't work at the school. Period. I'm sorry?  Yes.  That's it, that's correct. End of story, full stop. Yes. That was it, okay. Just want to make sure. Yeah, yeah. Now... And now they're working at the school. And they are working at the school. And has the court been advised of that? I don't know that the Cole County Court has been advised, but it certainly has been a mutually agreed solution. Was the state still positioned... Pending. ...that this statute applies to them? I'm sorry? Is the state's position still in that, in those proceedings, that the statute applies to these workers? Well, we don't know. Okay. I think the state's position, judging by the briefs, is that these workers are fine there because they aren't working at the youth homes. So... Well, what were... So why are these proceedings in the state? State? I mean, I don't understand. Okay. So they're back? Why are they back? Because the state said they could go back? They're back because I asked them if they would agree, pending the litigation, for these people to work at the school. Okay, them being the state. That it's the state. Okay, thank you. Yes. Oh, that helps me. That's all I wanted to know. And so we have a, you know, we have something worked out pending the litigation.  I would just say, Your Honor, there are a lot more issues than simply that footprint issue. One is... Your time is up. ...because I'm a contractor. Your time is up. Thank you.  Good morning, Your Honors. Louis Capozzi, Solicitor General of Missouri, on behalf of the state. Missouri regulates residential care. Let's start with these two employees. So... Are they working at the school? Yes. Is the state's position now that the school is not part of the LECF? Yes, and that has been the state's consistent position the whole time, in this case and in state court. Well, wait a minute. That's not true. Because there was initially, they were told that they couldn't work at the school, right? So, I don't believe that's correct, Your Honor. They were declared ineligible. Here's what happened, if I may explain. This case really starts with appellants' misunderstanding of the scope of the definition of the licensed exempt residential care facility. They read the statute right after it was passed, and they thought that it captures the whole campus. It captures the school. It captures the church. It captures the adult home. They filled out their application. Yeah, that's clear. And then your people acted on the list they provided. And so the problem here... And declared ineligible a cafeteria worker at the school. The problem here is that appellant filled out the application incorrectly, based on their misunderstanding. I just told, yes. Yeah. We did read the briefs, you know. We're trying to find out the facts that aren't in the briefs. Right. And so what happened, Your Honor, frankly, there is no standing in this case. This whole case is based on a misunderstanding. Then let's stick with the two employees. And is now the State's position, vis-à-vis Heartland, that the background check statute applies only to residential care youth homes, houses? Yes, and that has been the State's consistent position, Your Honor. But you haven't given them a compliance listing. Why not? Because they didn't fill out their application correctly. They put four felons...  Now that you've changed your position... The State never changed its position, Your Honor.  With respect, my friend is incorrect when he says the State changed its position. The State, from the beginning, including in the State... So it just happily made a bad decision regarding two employees and kicked them out of their jobs. No, with respect, Your Honor, the State never kicked any employee out of its job. Appellant filled out the application incorrectly. They put employees on it because they don't work there. Yeah, and then they were told these two are ineligible. Ineligible to work at the child residential care facility. They were never told they can't work at the school. They've never stopped working at the school. This whole case is based on a misunderstanding, Your Honor. They've never stopped working at the school? Yes, Your Honor. The State has never told these two employees or appellant... No. How do we know that? Where in the record can we find these... We've got all these facts and everybody hides them. Well, so in the summary judgment record, and this was found by Judge Autry, everybody agreed below that the two employees, the two ex-felons, work only at the school. There's no evidence in the record... Don't worry about the two employees. What's happened to them from day one till now? I'm not aware of any evidence that the State told them that they can't work at the school. And my understanding is they've worked at the school throughout. But yet, I want to know the facts of what... Now we're in litigation. What's happened to those two poor souls?  How do we know that? How do we know that they have had their jobs as cafeteria and what the other one did uninterrupted? There's no evidence in the record that they ever lost their jobs. I don't know where that's coming from, Your Honor. Again... Well, wasn't that told to Judge Autry? Wasn't that the basis for the claim? I don't believe so. I think the basis for Appellant's claim is they were told that they can't work at the child residential care facility, the two homes where the children live. No. But they never worked there. It was the definition that was helped. We got umpteen pages of briefs fighting over the definition. Correct. And so the definition really resolves this case because if you agree with... I agree with that, but it doesn't... If you agree with the district court that only the two homes where the children live fall under the definition of license-exempt residential care facilities, there's no standing for any of the claims. Their entire claim is based on the premise that the two ex-felon employees... They sure had a standing to litigate the definitional question. Well, I'm not sure that they did, Your Honor. Well, you're not sure, but let's take that as a premise. Well, they didn't bring a claim. They did not bring a claim under the statute. They brought constitutional claims premised on a misunderstanding of state law. And although the court has to assume at the motion to dismiss the correctness of their merits theories for purposes of standing, they don't have to assume that their allegations concerning standing are true. And so their allegation concerning the scope of the definition was wrong. That conclusion was wrong, and so they didn't have standing. Mr. Capozzi, based on this inaccurate filing they made, did the state deny them any licensing or compliance or anything like that? The state did not put them on the list of approved facilities because appellant put two former felons on the list of employees. They did that by mistake. But this just seems so simple to me. Why wouldn't the state say, we're going to deny? They say, well, they don't even work. They work in the school. Oh. Well, that's okay. You're now on the list. All appellant needs to do here is refile its application with no former felons on the list. And I don't see any reason why it wouldn't be approved. Why didn't your client just take why didn't you end the case days ago? It's a fair question. Hours ago. My understanding is that the state did offer that relief in state court. There were negotiations. Well, is that in the record? It's not in the record, but I did speak to the Attorney General lawyers handling that case. Mr. Bells can comment on this, too. Well. I believe the state offered that remedy. Your client may suffer for such a crummy record. Well, I think the record is clear, Your Honor. There's no evidence in it that any employee was fired. It's clear they didn't get on the compliance list and they want to be there. They want to be on the compliance list for a facility they don't work at. Wait a minute. I thought Hardland wanted to be on the compliance list. And they can be, but what they shouldn't do is take former felons who work only at the school. Wait, wait, wait. The compliance list turns on who's an LECRF, right? Correct. So if all of Hardland is an LECRF, then you wouldn't put him on the compliance list based on his past sin. But it's not. They have misread the state statute. They've read it implausibly broadly for the reasons that Judge Autry explained. Then why didn't your client just say, you know, we agree with you. It's just the two schools, the two home care centers. We said that in district court. That was our argument in district court. Give me the citation to the pleading where you came clean on that. I don't have it right in front of me. I'm happy to file a letter. You better. This was our argument to the district judge. This is a disastrous record. With respect, Your Honor, I don't think that's the fault of the state. I think that appellant has misunderstood. Well, you're at least 48 percent at fault. I think appellant. I mean, you know, just. But it seems to me that this misunderstanding could so easily be resolved without hundreds of pages of briefing and several courts' attention. It just doesn't make any sense to me. I agree, Your Honor. And I think the way to resolve this case is to say that there's no standing for any of the claims. Well, you're not going to get that from me. I mean, maybe my client, maybe my colleagues will think that's a wonderful thing. But in order to have, I mean, what's the injury? Appellant hasn't explained what the injury is. They fight over how the statute should be interpreted. But they didn't bring a claim based on the interpretation of the statute. They're asking for an advisory opinion. Claims turn on the interpretation of statutes all the time. Come on. So, but because their interpretation of the statute is wrong, they don't have. They're not injured. What's the injury? I mean, they really are asking for an advisory opinion on the scope of the definition. Well, if they kept these two folks from working because they were misinterpreting the statute and your client grinned and refused to clarify. There's no evidence in the record that anyone was ever stopped from working. There's no evidence in the record that anyone was ever stopped from working. Well, the inference is all over the briefs. The only thing the state did was say, consistent with the law, you can't have ex-felons working at your child residential care facility. In district court, everyone agreed the two ex-felons at issue in this case don't work at the child residential care facility. They work at the school. Everybody agrees on that. And so to your question, Judge, you're right. At that point, everybody, and I agree the state bears some responsibility here, should have agreed that there's no dispute in this case. But in defense of the state, it wasn't the state who sought. We didn't appeal. It's not the state who sought an abstract advisory opinion. We're asking the court to dismiss this case for lack of standing. There's no injury. And so, you know, if appellant came to the state and said- You know, no injury doesn't mean no standing. It often means you don't have a claim. I don't know. I'll bet you there aren't 1% of the dismissals for failure to show injury that are based on standing. So the district court addressed these issues at the failure to state a claim. So I think the court could look at it either way. The court could say- So you come up here and want us to go off on standing because it's such a nice, sexy issue. If the court would rather talk about failure to state a claim, I'm happy to discuss any of the claims. But really, there is a lot of overlap. That's what you've been doing. The fact that there's no injury does have heavy overlap with failure to state a claim as well. So for the minister- Well, where it really comes to bear is on the prospective. The relief they want, interpreting 493, all of its intricacies. They want an order- And due process arguments. They want an order that it is unconstitutional for Missouri to exclude two former felons from supervising vulnerable children. And they want the court to do that for the sake of two employees who only work at the school. You don't think if I read their complaint, that's what it will say? Yes, Your Honor. I have limited time. Does the court wish me to discuss any of the particular merits? Do you want to respond to the 28J letter? Did you get a chance to see that? Yes, Your Honor. So the Ninth Circuit insisted in that case that it was a narrow holding. And it was holding only that a religious entity is allowed to favor co-religionists over non-co-religionists in hiring. This case, I think, is actually quite easy on the ministerial exception under Our Lady of Guadalupe School. The Supreme Court said not all employees of a religious entity are covered by the ministerial exception. The question is whether you teach or preach on matters of faith. And there's no evidence in the record that the janitor and the cafeteria worker preach or teach on matters of faith. The only thing that appellant says on page 5 of its reply brief is that everyone at the community, including the two workers, are part of the religious community and part of the redemptive mission. But that's not the same thing as saying that they teach or preach on matters of faith. And so there's really not even an effort to plead compliance with the standard in Our Lady of Guadalupe School, let alone to offer evidence that would substantiate that. With respect to the freedom of association claim, I would direct the Court to the Royer case, where this Court said that in order to get to heightened scrutiny for freedom of association, you have to show a significant burden. But this Court talked about the types of burden on association that are significant burdens. The Court talked about interference with intimate relationships, and the Court talked about basically advocacy organizations, organizations that exist in order to pursue other First Amendment rights. My friend cites note cases suggesting that denial of an employment relationship with a general, neutrally applicable law implicates the freedom of association. And so the State would submit there is no burden here at all, let alone a significant one. But if there is, the Court should uphold the statute on the same basis the District Court did, which is the State has a compelling interest in protecting vulnerable children from unsuitable caregivers and guardians. With respect to the right to choose your child's education claim, there's no evidence in the record and there's no allegation that any child has been prevented from attending any school. And so once again, there's no standing there. But this Court, including in Grant and other cases, has said that the standard is rational basis when the State acts to protect the health and welfare of children. And so once again, the State has a rational basis here. What is the relationship of parents to the RFC children and the children in youth homes? Is it seven children now? I believe it's six children. So the parents are, I think, as a practical matter, absent from the children's lives, which is often true of the children in license-exempt residential care facilities. I can't hear. I think as a practical matter, the parents are absent from the lives of those six children, as is often true for the children in these types of facilities. I see that I'm out of time. Does the Court have any additional questions? Thank you. Thank you, Your Honors. The case has been thoroughly briefed and the argument has been helpful, and we'll take it under advisement.